UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHY SEFTON, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiffs | ) ) ) |
| v. | ) No. 09 C 3787 ) |
| TOYOTA MOTOR SALES U.S.A., INC., a California corporation, AUTONATION, INC., a Florida corporation, and LIBERTYVILLE TOYOTA, an Illinois corporation, | ) ) Judge Rebecca R. Pallmeyer ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kathy Sefton claims the Toyota RAV4 she purchased lacks a valuable navigation feature. She filed this action on behalf of a class of purchasers against Defendants Toyota Motor Sales USA, Inc., Autonation, Inc., and Libertyville Toyota. Plaintiff alleges that when she purchased her 2009 Toyota RAV4 from Libertyville Toyota, she spent about $4,000 for an extra value package that Defendants represented would include XM NavTraffic capability. In fact, Plaintiff alleges, with or without the extra package, the RAV4 cannot support a NavTraffic system. Plaintiff asserts five claims on behalf of herself and the purported class, seeking damages for Defendants' alleged misrepresentation. Defendants move to dismiss Plaintiff's complaint. For the reasons that follow, the motion is granted as to all claims except the claim for breach of contract against Defendant Libertyville Toyota.

## FACTUAL BACKGROUND

On a motion to dismiss, the court must "accept as true all well-pleaded facts alleged, drawing all possible inferences in the plaintiff's favor." *Lake v. Neal,* 585 F.3d 1059, 1060 (7th Cir. 2009). Plaintiff purchased the 2009 Toyota RAV4 from Defendant Libertyville Toyota in November

2008.¹  (Compl. ¶ 11.)  Defendant AutoNation owns Libertyville Toyota and employs its staff.  (*Id.* ¶¶ 4-5.)  Defendant Toyota Motor Sales is the sales, distribution, and marketing unit for Toyota Motor Corporation; it is responsible for advertising, marketing materials, and supervising dealer marketing.  (*Id.* ¶¶ 3, 9.)

Without specifically identifying the persons(s) she negotiated with, Plaintiff alleges that when she purchased the vehicle, she had a choice between two "Limited Extra Value Packages."  (Compl. ¶ 12.)  Plaintiff chose Package #2 and paid $4,110 for it.  (*Id.* ¶ 13.)  At the time of the purchase, Defendants represented to Plaintiff that the RAV4 and/or Package #2 was XM NavTraffic capable.²  (*Id.* ¶ 14.)  The representations were made by AutoNation's and Libertyville Toyota's employees and signs, and by Toyota Motor Sales's online, print advertising, manuals, and signs.  (*Id.*)  After the purchase, Plaintiff made several trips to Libertyville Toyota before finally learning that her RAV4 was not NavTraffic capable with or without Package #2.  (*Id.* ¶ 15.)

Plaintiff brought this lawsuit, alleging breach of contract (Count I); unjust enrichment (Count II); violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2 (2006) (Count III); and breach of express warranty (Count IV); and she seeks an accounting (Count V).  She seeks to represent a class, preliminarily defined as:

---

¹ The court notes that federal jurisdiction is not disputed even though Plaintiff and Defendant Libertyville Toyota are both Illinois citizens.  The Class Action Fairness Act of 2005 creates federal jurisdiction over certain state class actions in cases where diversity jurisdiction is not complete, so long as at least one member of the class is a citizen of a different state from any defendant. 28 U.S.C. § 1332(d).  And the Seventh Circuit has held that such jurisdiction does not depend on class certification.  *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 806 (7th Cir. 2010).  Plaintiff's preliminary class definition is "[a]ll consumers throughout the United States who purchased a 2009 RAV4 and/or a 2009 RAV4 with Package #2."  (Compl. ¶ 17.)  Plaintiff has made no allegations regarding the citizenship of members of the proposed class, but for purposes of this ruling, the court assumes that the proposed class includes at least one member who has claims against all Defendants and is a citizen of a state that is not Illinois, California, or Florida—the states of citizenship for the three Defendants—and, therefore, jurisdiction is proper.

² XM NavTraffic is a subscription service that broadcasts live traffic information to a vehicle's navigation system.  XM Satellite Radio - XM NavTraffic Overview, http://www.xmradio.com/navtraffic/ (last visited April 14, 2010).

> All consumers throughout the United States who purchased a 2009 RAV4 and/or a 2009 RAV4 with Package #2. The class does not include Defendants, or their officers, directors, agents or employees.

(Compl. ¶ 17.) Defendants filed a motion to dismiss the complaint for failure to state a claim, and Plaintiff filed a motion for class certification. The court continued Defendants' motion for briefing and continued Plaintiff's motion pending discovery. The parties have filed their briefs on Defendants' motion.

## DISCUSSION

To survive a motion to dismiss for failure to state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but the plaintiff must provide enough facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff must present "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009); *Brooks v. Ross*, 578 F.3d 574, 580-81 (7th Cir. 2009).

### A. Breach of Contract (Count I)

Under Illinois law, to state a claim for breach of contract, Plaintiff must allege "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *TAS Distributing Co. v. Cummins Engine Co.*, 491 F.3d 625, 631 (7th Cir. 2007) (*citing W.W. Vincent & Co. v. First Colony Life Insurance Co.*, 351 Ill. App. 3d 752, 759, 814 N.E.2d 960, 967 (1st Dist. 2004)). "A court must initially look to the language of a contract alone, as the language, given its plain and ordinary meaning, is the best indication of the parties' intent." *Gallagher v. Lenart*, 226 Ill. 2d 208, 233, 874 N.E.2d 43, 58 (2007). Under the parol-evidence rule, extrinsic evidence of the contract's meaning may be considered only if the language of the contract is ambiguous, that is, susceptible to more than one meaning. *Id.*

Defendants first argue that Plaintiff has pleaded herself out of court because the contract attached to her complaint as Exhibit A says nothing about NavTraffic capabilities. (Defs' Br. at 3-4.) The contract also says nothing about the Limited Extra Value Package, for which Plaintiff alleges she paid $4,110. (Compl. ¶¶ 13-15.) Drawing inferences in Plaintiff's favor, as required at this stage, the court assumes that Plaintiff's purchase of the package is reflected in the cash price of $33,117 set forth in the contract. (*Id.*, Ex. A.) That amount appears on a line of the printed form beside the words "Cash Price (including any accessories, services and taxes.)" (*Id.*) But no accessories, services, or taxes are enumerated in the contract. Because the word "accessories" is not defined in the contract, and because Plaintiff has alleged that she had a choice between two accessory packages, (*id.*, ¶ 12), that term is ambiguous. Plaintiff has alleged that the contract included a promise that the vehicle had NavTraffic capability, (*id.*, ¶¶ 12, 14), and on a motion to dismiss for failure to state a claim, the court must assume the truth of the Plaintiff's allegations. *Lake,* 585 F.3d at 1060. Thus, Plaintiff has sufficiently alleged that NavTraffic capability was a part of the contract and has satisfied the first elements of her claim for breach of contract.

Defendants do not challenge any of the other elements of the claim, but they do argue that Defendants Toyota Motor Sales and AutoNation cannot be liable for breach of contract because they were not parties to the contract. (Defs' Br., at 4.) Indeed, Exhibit A is a contract between Plaintiff and Libertyville Toyota, and Plaintiff's Complaint alleges that she purchased the vehicle from Libertyville Toyota. (Compl. ¶ 11, Ex. A.) Plaintiff points out that the contract is for a Toyota vehicle, states that it will be assigned to Toyota Motor Credit Corporation, and bears the Toyota logo accompanied by the words "Toyota Financial Services" in the upper right corner. (Pl's Br., at 8.) Plaintiff has not, however, alleged any connection between Toyota Motor Credit Corporation or Toyota Financial Services and Defendants Toyota Motor Sales or AutoNation. Nor is the appearance of the Toyota name or logo on a contract sufficient, without more, to make Toyota Motor Sales a party to the contract. *Meeker v. Gray*, 142 Ill. App. 3d 717, 727-28, 492 N.E.2d 508,

4

515 (5th Dist. 1986) (defendant who was not a party to a contract could not be held jointly and severally liable with codefendants who were parties); *see also Thomas v. Caldwell*, 50 Ill. 138, 1869 WL 5188, at *1 (1869) (mere appearance of individual's name in body of contract did not make individual a party to the contract). Similarly, Plaintiff's argument that by making false representations about the contract all Defendants became a party to it must also fail. Plaintiff cites no authority for the proposition that a party can be bound by a written contract merely because that party made false representations about the contract's terms.

Plaintiff's alternative argument is that she has included allegations that, in her view, are sufficient to state a claim that Toyota Motor Sales and AutoNation are parties to the contract. (Pl's Br., at 7-8.) The complaint does include allegations that all Defendants made the offer creating the contract and that all Defendants breached the contract, (*id.* ¶ 24-27), but these conclusory allegations are insufficient to survive a motion to dismiss because they do nothing more than parrot the elements necessary to prove the cause of action. *Twombly*, 550 U.S. at 555 (plaintiff must plead "more than labels and conclusions"). Moreover, they are contradicted by Exhibit A, the contract attached to Plaintiff's complaint, which, as explained, lists only Plaintiff and Libertyville Toyota as parties.

Finally, Plaintiff argues that even if she cannot hold Toyota Motor Sales and AutoNation liable as parties to the contract, they can be held liable based on an agency relationship with Libertyville Toyota. (Pl's Br., at 8, 16.) "An agent is one who undertakes to manage the affairs of another, on the authority and for the account of the latter, who is called the principal, and to render an account to the principal." *Eychaner v. Gross*, 202 Ill. 2d 228, 258, 779 N.E.2d 1115, 1134 (2002). With respect to Toyota Motor Sales, the agency theory is unsupported; Plaintiff has not alleged a connection between Toyota Motor Sales and Libertyville Toyota. She has offered a link to AutoNation, specifically alleging that Libertyville Toyota is owned by, operated by, and is an agent of AutoNation. (*Id.* ¶¶ 5, 10.) In Plaintiff's view, this allegation is sufficient. She contends

that the question of agency is a factual question on which discovery is needed, and that the court should decline to dismiss the complaint as against AutoNation on this basis. Even before *Twombly*, however, courts in this district held that pleading the existence of an agency relationship requires more than a general statement that such a relationship exists. *Azimi v. Ford Motor Co.*, 977 F. Supp. 847, 851 (N.D. Ill. 1996); *Rand Bond of North America, Inc. v. Saul Stone & Co.*, 726 F. Supp. 684, 687 (N.D. Ill. 1989). Although she asserts generally that AutoNation is responsible for some of the misrepresentations in question, she has not made any allegations concerning an actual agency relationship beyond purely conclusory statements. (Compl. ¶¶ 5, 10) Thus, her complaint is insufficient to plead an agency relationship. *Cf. Semitekol v. Monaco Coach Corp.*, 582 F. Supp. 2d 1009, 1025 (N.D. Ill. 2008) (complaint sufficiently alleged agency relationship between dealership and manufacturer where plaintiff alleged, among other allegations, that dealership was held out to be authorized dealership for manufacturer, that manufacturer advised buyers to contact dealership for customer service, and that buyers had the option to pick up the purchased item from the dealership or from the manufacturer).

In support of the agency theory, Plaintiff has also argued for direct-participant liability against AutoNation as Libertyville Toyota's corporate parent, but that argument fails because she has alleged only that AutoNation made unspecified misrepresentations to her. (Pl's Br., at 16.) She has not alleged that AutoNation exercised any control over Libertyville Toyota beyond the "control exercised as a normal incident of ownership." *Forsythe v. Clark USA, Inc.*, 224 Ill.2d 274, 290, 864 N.E.2d 227, 237 (2007). For all these reasons, Defendants' motion is granted as to Count One except against Defendant Libertyville Toyota.

    **B.**    **Illinois Consumer Fraud and Deceptive Business Practices Act (Count III)**

To succeed on a claim under the ICFA, a plaintiff must show "(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual

damage to the plaintiff (5) proximately caused by the deception." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 180, 835 N.E.2d 801, 850 (2005). An ICFA claim differs from a common law fraud claim in that the Plaintiff need not show reliance on the deception. *Connick v. Suzuki Motor Co.,* 174 Ill.2d 482, 501, 675 N.E.2d 584, 593 (1996). As with a common law fraud claim, however, a plaintiff alleging a violation of ICFA is subject to a heightened pleading standard. Under Federal Rule of Civil Procedure 9(b), the complaint "must state with particularity the circumstances constituting fraud or mistake." *Crichton v. Golden Rule Ins. Co.,* 576 F.3d 392, 395 (7th Cir. 2009); *Centerline Equipment Corp. v. Banner Personnel Service, Inc.*, 545 F. Supp. 2d 768, 778-79 (N.D. Ill. 2008). The Seventh Circuit has explained the particularity requirement by reference to the first paragraph of a newspaper article; the complaint must include "the who, what, when, where, and how." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). That is, it must include "'the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.'" *Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing Services, Inc.*, 536 F.3d 663, 668 (7th Cir. 2008) (*quoting General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997)).

Defendants argue that Plaintiff's allegations fail to satisfy Rule 9(b)'s heightened pleading requirement. (Defs' Br., at 6-7.) Plaintiff disagrees, (Pl's Br. at 10), pointing first to Paragraph 14 of her complaint:

> At the time of Plaintiff's purchase, Defendants falsely represented to Plaintiff that the RAV4 and/or Package #2 was XM NavTraffic ("NavTraffic") capable. Said representations were made to Plaintiff by and through AutoNation's and [Libertyville Toyota]'s employees and signage, and Toyota's online and print advertising, owner's manual and signage.

(Compl. ¶ 14.) This paragraph is insufficient to satisfy Rule 9(b) for several reasons. First, it does not identify any *specific* communications, nor point to the particular signs, advertisements, or manuals that were responsible for the misrepresentation. *Cf. Dubicz v. Commonwealth Edison Co.*,

7

377 F.3d 787, 794-95 (7th Cir. 2004) (complaint satisfied Rule 9(b) because it identified the misrepresentations at issue, the specific dates on which they were made, and the specific persons responsible for making them). Nor has Plaintiff identified the person(s) who made the misrepresentation; her complaint alleges that she had the option of selecting a package that included the XM NavTraffic capability, (Compl. ¶ 12), but she does not explain *who* gave her that option. Finally, Plaintiff argues that the "packet" of materials she submitted as Exhibit B adequately alleges her ICFA claim with the required particularity. (Pl's Br., at 10.) That "packet" is a single page printout from an unidentified website that appears to list the optional packages available to a purchaser of a 2009 RAV4. (Compl. Ex. B.) Under the ICFA, Plaintiff need not allege that she read or relied on that printout, but under Rule 9(b), she must allege the "who, what, when, where, and how" of the printout. *DiLeo*, 901 F.2d at 627. She has not done so here. For all these reasons, Plaintiff's ICFA claim must be dismissed.

### C. Breach of Express Warranty (Count IV)

In challenging the sufficiency of Plaintiff's claim for breach of express warranty, Defendants first argue that she failed to allege that she notified them of the breach. (Defs' Br., at 7.) The notification requirement, 810 ILCS 5/2-607(3)(a), can be excused if "the seller has actual knowledge of the defect of the particular product" or "the seller is deemed to have been reasonably notified by the filing of the buyer's complaint alleging breach of UCC warranty." *Connick v. Suzuki Motor Co.*, 174 Ill.2d 482, 492, 675 N.E.2d 584, 589 (1996). Plaintiff argues that her complaint sufficiently alleges satisfaction of the notification requirement and that, in the alternative, she can meet the first exception to the requirement. (Pl's Br., at 14.)

Plaintiff alleged the following: "After several trips to and from [Libertyville Toyota], Plaintiff learned that the RAV4 is not NavTraffic capable with or without Package #2." (Compl. ¶ 15.) This allegation is plainly insufficient to establish that Plaintiff notified Defendants of the breach. To give notice, the buyer "must directly notify the seller of the troublesome nature of the transaction," and

Plaintiff's vague allegation that at some point she herself became aware of the problems with the vehicle says nothing about her communication with Defendants concerning those problems. *Connick*, 174 Ill.2d at 492, 675 N.E.2d at 589. Plaintiff suggests that notice was unnecessary in this case because Defendants knew about the defect, but her complaint does not include such an allegation. That Plaintiff herself became aware that the RAV4 is not NavTraffic capable after several trips to Libertyville Toyota might mean that the dealer knew that fact, but it does not suggest that the dealer considered that fact to be a defect or knew that Plaintiff considered it to be one. *Id.* at 494, 590. Plaintiff's argument for applying the exception fails because she has not alleged that Libertyville Toyota, or any Defendant, was "apprised of the trouble with the particular product purchased by a particular buyer." *Id.* Thus, Count Four is dismissed.

### D. Unjust Enrichment (Count II)

Some Illinois courts have held that unjust enrichment is not a stand-alone cause of action. *E.g. Martis v. Grinnell Mut. Reinsurance Co.*, 388 Ill. App. 3d 1017, 1024-25, 905 N.E.2d 920, 928 (3d Dist. 2009); *Mulligan v. QVC, Inc.*, 382 Ill. App. 3d 620, 631, 888 N.E.2d 1190, 1200 (1st Dist. 2008). The Illinois Supreme Court's opinion in *HPI Health Care Services, Inc. v. Mt. Vernon Hospital, Inc.*, 131 Ill.2d 145, 160, 545 N.E.2d 672, 679 (1989), however, appears to recognize unjust enrichment as a separate claim justifying recovery. *See also Association Benefit Services, Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 854 (7th Cir. 2007) (treating unjust enrichment as stand-alone claim under Illinois law). In any event, recovery on an unjust enrichment theory requires allegations "that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *HPI Health Care Services,* 131 Ill.2d at 160, 545 N.E.2d at 679. The only allegations in Plaintiff's complaint that might satisfy that requirement are those in support of her consumer fraud claim, but the court has already dismissed that claim. Moreover, unjust enrichment is a quasi-contract remedy available in equity; "damages for unjust enrichment are not awardable when, as

9

here, there is a contract between the parties on the subject in dispute." *Prima Tek II, L.L.C. v. Klerk's Plastic Industries, B.V.*, 525 F.3d 533, 541 (7th Cir. 2008) (applying Illinois law). Thus, Count Two is dismissed.

### E. Accounting (Count V)

To state a claim for the equitable relief of an accounting, Plaintiff must allege the absence of an adequate remedy at law and at least one of the following: "(1) a breach of a fiduciary relationship, (2) a need for discovery, (3) fraud, or (4) the existence of mutual accounts which are of a complex nature." *Kempner Mobile Electronics, Inc. v. Southwestern Bell Mobile Systems*, 428 F.3d 706, 715 (7th Cir. 2005) (*citing Mann v. Kemper Financial Cos.*, 247 Ill. App. 3d 966, 980, 618 N.E.2d 317, 327 (1st Dist. 1992)). Defendants argue, first, that Plaintiff has failed to allege the absence of an adequate remedy at law. (Defs' Br., at 9-10.) Plaintiff responds by reference to her complaint, which states, in an entirely conclusory manner, that she has no adequate remedy at law. (Compl., ¶ 51.B.) Merely reciting the elements of a claim is not sufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. Moreover, Plaintiff fails to explain why her contract claim is not an adequate remedy. There appears to be no reason that Plaintiff's damages will be difficult to measure, and the information that Plaintiff seeks will be available in discovery. *Kempner*, 428 F.3d at 715. Thus, Count Five is dismissed.

### **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss [13] is granted as to all claims except Plaintiff's claim of breach of contract against Defendant Libertyville Toyota. All dismissed claims are dismissed without prejudice. Plaintiffs has leave to file an amended complaint within 21 days. Whether or not Plaintiff chooses to re-allege the dismissed claims, the amended complaint must address the court's jurisdiction in light of the dismissal of the Defendants that are not Illinois citizens.

ENTER:

Dated: April 14, 2010

_____
REBECCA R. PALLMEYER
United States District Judge